UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICENTE GARCIA,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent | No. 16 CV 859<br>(08 CR 746-2)<br><br>Hon. Charles R. Norgle |

GOVERNMENT'S MOTION FOR CLARIFICATION OF ORDER DENYING PETITION FILED PURSUANT TO 28 U.S.C. § 2255

The UNITED STATES OF AMERICA, by its attorney, JOEL R. LEVIN, Acting United States Attorney for the Northern District of Illinois, hereby moves for clarification of the Court's March 22, 2017, Order denying petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. 43.

On January 11, 2016, Petitioner, *pro se*, filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. 1, 5. Petitioner's motion raised approximately nineteen claims, alleging that the Court lacked subject matter jurisdiction and that either trial counsel or appellate counsel (or in some cases both) provided ineffective assistance of counsel. Dkt. 5. Specifically, Petitioner argued that appellate counsel provided ineffective assistance of counsel by failing to properly challenge lay witness testimony (*id.* at 6-7), failing to challenge the sufficiency of evidence supporting interstate commerce (*id.* at 9-10), and by failing to challenge the Court's jurisdiction (*id.* at 13-14).

On May 9, 2016, Petitioner, *pro se*, attempted to supplement his original Section 2255 motion with additional arguments, including, *inter alia*, that appellate counsel provided ineffective assistance of counsel by failing to argue constructive amendment of the superseding indictment. Dkt. 12 at 3. Petitioner summarily argued that appellate counsel was ineffective for failing to raise these issues in earlier proceedings.

On March 22, 2017, this Court issued its Order denying Petitioner's Section 2255 motion. Dkt. 43. Although the Court noted that arguments not raised on appeal are typically not available in a § 2255 motion, the Court did address—and go on to properly deny—arguments where petitioner claimed that a failure to raise an issue before the district court resulted from ineffective assistance of trial counsel. This Court declined to address, however, petitioner's claims of ineffective assistance of appellate counsel and stated that the Court "does not review proceedings before the Seventh Circuit and therefore rejects this argument as it pertains to this § 2255 petition." *Id.* at 8.[1]

The government respectfully directs the Court's attention to the following authorities in support of its view that the Court does have the power to review the effectiveness of appellate representation in the criminal case. *Blake v. United States*, 723 F.3d 870, 878 (noting that the district court reviewed a petitioner's ineffective assistance of appellate counsel claim on the merits), 888 (reviewing this ruling and

[1] The Court noted it similarly declined to address Petitioner's additional arguments concerning appellate counsel's representation. *See* Dkt. 43 at 8 n.3.

agreeing with the district court's rejection of the claim) (7th Cir. 2013), *cert. denied* 134 S. Ct. 2830 (2014); *see also e.g.*, *Pollock v. United States*, No. 16-1020, 2016 WL 7156459, at *3 (C.D. Ill. Dec. 7, 2016) (rejecting petitioner's ineffective assistance of appellate counsel claim where petitioner "ha[d] not identified any specific issue that was obvious and clearly stronger than the arguments raised, much less a 'dead-bang winner' that was ignored"); *Stacy v. United States*, No. 15-CV-01393-JPG, 2016 WL 6235768, at *6 (S.D. Ill. Oct. 25, 2016) (rejecting petitioner's ineffective assistance of appellate counsel claim after concluding that the arguments petitioner wanted raised on direct appeal were without merit); *United States v. Rucker*, No. 15 C 50202, 2015 WL 9478216, at *5 (N.D. Ill. Dec. 29, 2015) (rejecting petitioner's ineffective assistance of appellate counsel claim after holding that there was not a reasonable probability that appellate counsel erred in raising an argument on direct appeal rather than pursuing relief in a later Section 2255 motion).

Because this Court does have the authority to evaluate a petitioner's claim of ineffective assistance of appellate counsel, the government asks that the Court clarify its March 22, 2017, Order to explain that its denial of petitioner's Section 2255 motion is also based on a conclusion that petitioner's claims that he received ineffective assistance of appellate counsel are without merit. The government believes those

claims have been waived, in one case time barred, and are without merit for the reasons set forth in its response. *See* Dkt. 15 at 5-6, 15-16, 18-22, 30-31.

Respectfully submitted,

JOEL R. LEVIN
United States Attorney

By: */s/ Matthew Hernandez*
MATTHEW HERNANDEZ
Assistant U.S. Attorney
219 South Dearborn, Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

Dated: March 31, 2017

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that this document was served on March 31, 2017, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers, as well as sent via U.S. Mail to the address below:

Vicente Garcia
Reg. No. 43509-279
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

*/s/ Matthew Hernandez*
Matthew Hernandez
Assistant United States Attorney