**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICENTE GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 16 CV 859 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The Government's Motion for Clarification of Order Denying Petition Filed Pursuant to 28 U.S.C. § 2255 [44] is granted. In light of the additional authority raised by the Government, Petitioner Vicente Garcia's claims pertaining to ineffective assistance of appellate counsel are denied. Petitioner's 28 U.S.C. § 2255 petition is therefore denied in its entirety. Additionally, Petitioner's Motion to Take Judicial Notice of His Release from the Special Housing Unit (SHU) [45] is denied as moot. Civil case terminated.

## STATEMENT

Before the Court is Respondent United States of America's (the "Government") Motion for Clarification of Order Denying Petition Filed Pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is granted.

This Court's March 22, 2017 Order ("Order") sets forth a detailed background of the facts and circumstances giving rise to this § 2255 petition. Accordingly, this order does not repeat the factual background in full.

Vicente Garcia's ("Petitioner") § 2255 petition comes after an "extensive criminal prosecution aris[ing] out of the operations of the Latin Kings street gang in Chicago from 2000-2008." United States v. Garcia, 754 F.3d 460, 465 (7th Cir. 2014). Petitioner was one of fifteen high-ranking gang leaders indicted for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") statute and a host of other crimes. Specifically, Petitioner was charged by superseding indictment with: (1) participating in a RICO conspiracy in violation of 18 U.S.C. § 1962(d); (2) conspiring to commit extortion in violation of 18 U.S.C. § 1951; (3) committing assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); (4) using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c); (5) conspiring to distribute cocaine in violation of 21 U.S.C. § 846; and (6) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

On April 6, 2011, the jury returned a guilty verdict as to all counts. On February 8, 2013, Petitioner appeared for sentencing. The Court sentenced Petitioner to 240 months in prison on Counts One, Two, Nine, Ten, and Fourteen; 60 months on Counts Eleven and Thirteen; and 360

months on Count Twelve. All of these terms were to run concurrently. Finally, the Court ordered Petitioner to serve 120 months in prison on Count Three, which was to run consecutively to the other counts.

On February 20, 2013, Petitioner timely noticed his appeal before the Seventh Circuit challenging both his conviction and sentence. The court of appeals consolidated Petitioner's appeal with eight of his co-defendants.[1] On June 13, 2014, the Seventh Circuit affirmed both the conviction and sentence. Thereafter, the Supreme Court of the United States denied Petitioner's writ of certiorari.

On January 11, 2016, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Therein, Petitioner raised more than twenty claims, essentially alleging that (1) this Court lacked subject matter jurisdiction; (2) trial counsel provided ineffective assistance; and (3) appellate counsel provided ineffective assistance. With respect to appellate counsel's alleged ineffective assistance, Petitioner argued that counsel failed to properly challenge lay witness testimony, failed to challenge the sufficiency of the evidence supporting interstate commerce, and failed to challenge the lack of an overt act in furtherance of the extortion conspiracy. Petitioner attempted to supplement his original arguments with what he styled as an "Affidavit of Facts." The additional ineffective assistance of appellate counsel argument within that submission asserts that counsel failed to raise the constructive amendment of the superseding indictment and the jury's failure to return a constitutional verdict. Petitioner alleged that this omitted issue was stronger than those issues actually raised on appeal.

On March 22, 2017, the Court issued its Order denying Petitioner's motion. The Court, however, declined to address Petitioner's claims regarding appellate counsel's performance before the Seventh Circuit. In the motion presently before the Court, the Government directs the Court's attention to authority supporting this Court's power to review appellate counsel's representation in this case. Although the footnote in the Court's previous Order stated that "the Court does not address [] contentions regarding appellate counsel's representation," Order at 8, the Court could have addressed, and now does address, Petitioner's ineffective assistance of appellate counsel claims.

The Government points to Blake v. United States where the court of appeals affirmed the district court's review of a petitioner's ineffective assistance of appellate counsel claim. 723 F.3d 870, 888. In the Blake opinion, the court explained:

> [W]here an ineffective assistance claim is based on an attorney's failure to raise a viable issue on appeal, "we must first analyze the trial court record to determine whether [the defendant's] appellate attorney, in fact, ignored 'significant and obvious' issues." Suggs v. United States, 513 F.3d 675, 678 (7th Cir. 2008) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985)). For an attorney's performance to be considered ineffective on such grounds, it must be shown that the neglected issues are "clearly stronger" than the arguments that actually were raised on appeal. Suggs, 513 F.3d at 678. No such showing has been made here; indeed, we believe none could reasonably be made.

723 F.3d at 888. Here, Petitioner raised eight issues on appeal. Garcia, 754 F.3d at 475. In light of those arguments and for the reasons provided in the Government's brief, the Court agrees that appellate counsel "could reasonably have believed that [the issues presented in Petitioner's § 2255 petition] did not warrant advancement on appeal." Blake, 723 F.3d at 888. As explained

[1] The co-defendants were Luis Garcia, Felipe Zamora, Fernando King, Samuel Gutierrez, Javier Ramirez, Jose Guzman, Augustin Zambrano, and Alfonso Chavez.

in the Court's previous Order, the lay witness testimony was proper, the Government clearly established this Court's jurisdiction, and the Seventh Circuit affirmed the sufficiency of the evidence regarding Petitioner extortion (and other) convictions. The Court's previous Order also explained that most of the arguments Petitioner raised in his "Affidavit of Facts"—including that appellate counsel failed to raise the constructive amendment of the superseding indictment and the jury's failure to return a constitutional verdict—were time barred. The issues raised in Petitioner's § 2255 petition are meritless, and by appealing such issues, appellate counsel would have, at best, presented frivolous arguments deserving of little attention before the Seventh Circuit. See Knox v. United States, 400 F.3d 519, 522 (7th Cir. 2005) ("A lawyer who concentrates attention on issues that have the best chance of success does not display objectively deficient performance, and thus does not render ineffective assistance of counsel.") Accordingly, Petitioner "has raised no viable claim that should have been appealed, so that a failure to do so constitutes the ineffective assistance of counsel." Blake, 723 F.3d at 888.

For the reasons set forth above, the Court rejects Petitioner's claims for ineffective assistance of appellate counsel in favor of the Government's position. None of the issues Petitioner raises states a viable claim that should have been appealed. Appellate counsel appropriately declined to raise such issues, instead choosing to hone in on the issues most likely to succeed on appeal. Accordingly, the Government's motion to clarify is granted and, in turn, Petitioner's § 2255 petition is denied in its entirety. Additionally, Petitioner's Motion to Take Judicial Notice of His Release from the Special Housing Unit (SHU) is denied as moot because the Court has disposed of all issues in his § 2255 petition. The case is terminated.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 7, 2017